UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 25-6432-DMG (AJRx) | Date | July 29, 2025 |
| Title | Marie Cazares, et al. v. United States of America | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

On July 22, 2025, Plaintiff Marie Cazares filed a Complaint, on behalf of herself and minor N.C., against the United States of America under the Federal Tort Claims Act ("FTCA"), asserting a single claim for premises liability. [Doc. # 6 ("Compl.").] Cazares alleges that, on or around July 27, 2023, she and N.C. were "descending an escalator within [350 W 1st St., Los Angeles, CA 90012], when suddenly and without warning, the escalator malfunctioned and/or jolted and/or abruptly stopped and caused Plaintiffs to fall."[1]  Compl. ¶ 12.

The FTCA provides the exclusive remedy for plaintiffs against the United States for injuries arising out of tortious acts committed by federal government employees within the scope of their employment. *United States v. Smith*, 499 U.S. 160, 163 (1991). Before initiating a suit under the FTCA, the plaintiff must present a claim to the correct federal agency within two years of the accident, and the agency must deny the claim. *See* 28 U.S.C. §§ 2401(b) (administrative claim must be filed within two years of accrual), 2675(a) (must exhaust). The exhaustion requirement is jurisdictional. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013) (*en banc*), *aff'd and remanded sub nom. United States v. Wong*, 575 U.S. 402 (2015) (citing *Brady v. U.S.*, 211 F.3d 499, 502 (9th Cir. 2000)). Therefore, it must be strictly adhered to. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"); *see also Vacek v. U.S. Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

Cazares brought this action under the FTCA, but her Complaint does not adequately allege that she has exhausted her administrative remedies prior to filing the instant action. Cazares' statement that "Plaintiffs submitted a claim based on the allegations herein to Defendant UNITED STATES OF AMERICA for administrative settlement and has not been rejected by an agent for

---

[1] It appears that Cazares may have inserted the wrong address in her Complaint, as the federal courthouse located at 350 W. 1st St. does not have escalators.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-6432-DMG (AJRx)** | Date | July 29, 2025 |
| Title | *Marie Cazares, et al. v. United States of America* | Page | **2** of **2** |

Defendant UNITED STATES OF AMERICA" is not sufficient to allege exhaustion. Compl. ¶ 10. Cazares does not indicate with which federal agency she has filed her claim, nor does she claim that she has received a final denial from the appropriate agency. *See Johnson v. U.S.*, 704 F.2d 1431, 1442 (9th Cir. 1983) (affirming dismissal of claim for failure to comply with FTCA's exhaustion procedures).

     Accordingly, Cazares is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction. Cazares shall file her response **by no later than August 14, 2025**. Failure to timely file a response to this Order will result in the action being dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**